The opinion of the court was delivered by
Manning, C. J.
The authorities of the town of New' Iberia made regulations touching quarantine while the yellow fever was prevailing last year. One of them was that packages of goods and merchandize should not be brought within the town, or landed there by steamboats coming from the places infected with the fever. A police had necessarily tobe employed to enforce this and other regulations, and extraordinary expenses had to be incurred in paying for this service. In order partially to assist in defraying the expenses of this police a tax of five cents on each package was laid by the town council or board of trustees. The defendant received as consignees or warehousemen enough packages to amount to one hundred and seventy dollars and 57 cents, and paid over 5533.41, the receipts for September, and refused to pay any more on the ground that the tax was .illegal, and unauthorized by the charter. This suit is brought to recover the residue of the sum collected by Serrett.
The defendant excepted; — “That the plaintiffs have no cause of action against defendant, because they are without authority in law, to establish and maintain a quarantine, and to impose upon defendant, and others engaged in the business of keeping warehouses for storage, *720 the burden of maintaining the same by requiring them to pay a tax of five cents on each package shipped to their care; that the trustees of New Iberia can impose no tax, or carry on the business of warehouse-men and impose charges therefor, unless authorized to do so by the charter; that no such power or authority to do so is either expressed or necessarily, or rationally implied by the powers that are expressly granted them in the charter approved September 25, 1868, nor in any of the acts which said charter pretends to amend; that whatever power or authority that the police jury of this parish may have in the premises could not be transferred by them to plaintiffs.”
The authorities of incorporated towns and cities are authorized to enact ordinances to protect them from the introduction of contagious and epidemical diseases. Rev. Stats, sec. 2452. The defendant concedes that, New Iberia being an incorporated town, its municipal authorities have power to enact and enforce all necessary police regulations to prevent vessels, goods, or persons from being landed within its limits when such landing might introduce contagious or epidemical diseases, but denies that they can by taxation raise the funds necessary to make the protection of these regulations effectual. The argument is, that the town can lay no tax not expressly authorized by its charter, and the taxation of the occupation of warehouse-keeper is not authorized by that charter.
We rest the case on wholly different grounds. It is alleged in the petition that the defendant under the ordinance of the town council collected the sum mentioned in the petition, and for the purposes of the present trial that allegation is taken as true. It is also alleged that he actively participated in encouraging the adoption of this and other ordinances to keep away the scourge that was then spreading terror through the land, and that he had assisted in maintaining these regulations, and in executing them — that the police jury co-operated with the trustees of the town in these matters, and adopted an ordinance on the same subject, and the defendant was a member of that body, and voted for it.
We apply the estoppel by conduct to the defendant. He treated the tax- as legal, collected it, and it would be monstrous if he could now keep the money in his pocket under the pretence that he had no right, to collect the tax because the corporation had no right to lay it.
On the general ground of the power of the authorities to make such regulations as are indispensable to the protection of communities from, epidemic diseases, we should be inclined to go as far as the text and policy of the law would warrant. This court said in an early case;— “ The police of cities require many regulations, which grow out of their situation, climate, and their population. An illustration of this may b.e found in the general recourse to quarantine regulations in warm *721 climates, and tbe rare resort to them in cold ones. In a city like ours, where a dreadful epidemic, frequently returning, checks its growth and occasions great mortality among the citizens, too much care cannot be taken to remove the causes which give rise to it. We have no doubt that the spirit and intention of the act of the legislature was, as its language indicates, that an extensive discretion should be vested in the city council. A much stronger reason than that now before us must be presented to induce the court to interfere, and say that regulations, having for their object public health, were beyond their power.” Milne v. Davidson, 5 Mart. N. S. 410.
It is ordered and decreed that the judgment of the lower court, maintaining the exception and dismissing the suit, is avoided and reversed, and that the case be remanded to the lower court to be proceeded with in due course of law, and that the plaintiff have and recover of the defendant the costs of this appeal.